<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| WAYNE S. FOSTER, | : | |
| | : | Case No. 23-1613 (BRM) (MAH) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| ESSEX COUNTY CORRECTIONAL FACILITY, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court are Motions to Dismiss filed by: (1) Defendants Montclair Municipal Court, the Honorable Joseph Angelo, Montclair Police Department, and Montclair Police Officer F. Ramirez ("Montclair Defendants") (ECF No. 12); (2) Clifton Police Department, Clifton Municipal Court, and the Honorable Thomas F. Brunt[1] ("Clifton Defendants") (ECF No. 23); (3) New Jersey Superior Court, Union Vicinage[2], the Honorable Candido Rodriguez, Jr., Assistant Prosecutor James Brady, Assistant Prosecutor Sarah Turk, and Wendy Gonzalez[3] ("Union County Defendants") (ECF No. 28); (4) Elizabeth Police Department, Police Lieutenant Anthony Gural, Police Sergeant Joseph Wassel, Police Officer Brian Velez, and Police Officer Victor Valdez

---

[1] The Honorable Thomas F. Brunt is improperly pled as Prosecutor Tom Brunt. (*See* ECF No. 1 at 4; *see also* ECF No. 23 at 2.)

[2] New Jersey Superior Court, Union Vicinage is improperly pled as Union County Courthouse. (*See* ECF No. 1 at 2; *see also* ECF No. 28 at 2.)

[3] Wendy Gonzalez is an employee of the New Jersey Judiciary, who serves as a court services officer and is improperly pled as Union County Police Officer. (*See* ECF No. 1 at 2; *see also* ECF No. 28 at 2.)

("Elizabeth Defendants") (ECF No. 29), as well as a Motion for Judgment on the Pleadings filed by Defendants New Milford Police Department, New Milford Police Officer Tyler Iozia, and New Milford Police Sergeant Bryan Mone ("New Milford Defendants") (ECF No. 38) seeking judgment in their favor on Plaintiff Wayne S. Foster's ("Plaintiff") § 1983 claims against them. Plaintiff filed an opposition (ECF No. 50), and Elizabeth, Union County, Clifton, and New Milford Defendants filed replies (ECF Nos. 51, 52, 53, 54, respectively). Having reviewed the parties' submissions filed in connection with these motions and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below, and for good cause shown, Montclair Defendants, Elizabeth Defendants, Union County Defendants, and Clifton Defendants Motions to Dismiss are **GRANTED**, and New Milford Defendants' Motion for Judgment on the Pleadings is **GRANTED**.

## I. BACKGROUND[4]

Plaintiff filed his complaint ("Complaint") in March 2023, bringing his claims against the following 24 entity and individual defendants: (1) Essex County Correctional Facility, (2) Essex County Police Sergeant Martin Viola, (3) Union County Correctional Facility, (4) Union County Courthouse, (5) Honorable Candido Rodriguez Jr., (6) Wendy Y. Gonzalez, (7) Public Defender Antonia Bruno, (8) Assistant Prosecutor James Brady, (9) Assistant Prosecutor Sarah Turks, (10) Elizabeth Police Department, (11) Elizabeth Police Lieutenant Anthony Gural, (12) Elizabeth Police Sergeant Joseph Wassel, (13) Elizabeth Police Officer Brian Velez, (14) Elizabeth Police Officer Victor Valdez, (15) Montclair Municipal Court, (16) Honorable Joseph Angelo, (17) Montclair Police Department, (18) Montclair Police Officer F. Ramirez, (19) Clifton Police

---

[4] For the purposes of these Motions, the Court accepts as true all factual allegations in the Complaint and draws all inferences in the facts alleged in the light most favorable to the Plaintiff. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

Department, (20) Clifton Municipal Court, (21) Honorable Thomas F. Brunt, (22) New Milford Police Department, (23) New Milford Police Officer Tyler Iozia, and (24) New Milford Police Sergeant Bryan Mone. (ECF No. 1 at 2–4.)

Plaintiff alleges that the following constitutional rights are at issue: (1) U.S. Const. amend. I; (2) U.S. Const. amend. IV; (3) U.S. Const. amend. VI; (4) U.S. Const. amend. VIII; and (5) U.S. Const. amend. XIV. (ECF No. 1 at 5.) Plaintiff also alleges that the following criminal offenses are at issue: (1) 18 U.S.C.A. § 1201 (kidnapping); (2) 18 U.S.C.A. § 241 (conspiracy); (3) 18 U.S.C.A. § 242 (deprivation of rights under color of law); (4) 18 U.S.C.A. § 1001 (false statements to federal authorities); (5) 18 U.S.C.A. § 1341 (mail or wire fraud); (6) 18 U.S.C.A. § 245 (interference with participation in certain federally protected activities) (7) 34 U.S.C.A. § 12601 (Violent Crime Control and Law Enforcement Act (improperly pled as "42 U.S.C. 14141")). (*Id.*) The Complaint also alleges that 5 U.S.C. § 333 is at issue; however, that statute does not exist. (*Id.*)

The allegations in the Complaint are unclear and confusing. The Complaint submits defendants' conduct started on August 18, 2021, when Defendant Anthony Gural stopped Plaintiff during a traffic stop in Elizabeth, New Jersey. (ECF No. 1 at 6.) Plaintiff alleges he "left the scene after Defendant Gural attempted to forcefully open [his] door and kidnap [his] person. (*Id.*) Then, on July 1, 2022, Plaintiff was involved in a traffic stop at New Bridge Road, New Milford, New Jersey. (*Id.*) Plaintiff was arrested by Defendants Milford Police Officers Tyler Iozia and Bryan Mone and was taken to Bergen County Correctional Facility ("BCCF"). (*Id.*) Plaintiff was transferred from Union County Correctional Facility ("UCCF") to Essex County Correctional Facility ("ECCF"). On July 12, 2022, Plaintiff was released "under Pretrial Release" after posting

bail for motor vehicle violations set by Defendant Honorable Joseph Angelo of the Montclair Municipal Court and Defendant Honorable Thomas Brunt of Clifton Municipal Court. (*Id.*)

Plaintiff submits on December 23, 2022, he was involved in an automobile accident and walked to the New Jersey State Police Station at the Izod Center, where he alleges he was "kidnapped and held until Union County Police came to transfer [him] to UCCF upon processing [him] and transferring [him] to ECCF." (*Id.* at 5.) Plaintiff claims that on December 29, 2022, he was "shot in [his] left eye by Defendant Martin Viola with a pepper ball out of a paintball gun," while being held at ECCF. (*Id.*) Plaintiff states that he was taken to "UMDNJ emergency room" where he stayed until January 3, 2023. (*Id.*) Plaintiff received a disciplinary report upon his return and was told he would have a hearing before the Disciplinary Adjustment Committee. (*Id.*) Plaintiff claims that hearing never occurred and that instead he was placed in prehearing detention for 20 days where he was held in the infirmary. (*Id.*)

Plaintiff alleges that on January 5, 2023, public defender Defendant Antonia Bruno called Plaintiff and informed him that she was representing him. (*Id.*) Defendant Bruno allegedly informed Plaintiff that the court was attempting to revoke his release and that it would be in the Plaintiff's best interest to allow her to represent him. (*Id.*) Plaintiff declined her offer. (*Id.*) Plaintiff claims that on January 9, 2023, Defendant Bruno forced her representation upon Plaintiff, and prosecutor Defendant Sarah Turk and Defendant Honorable Candido Rodriguez Jr. revoked Plaintiff's release. (*Id.*) Plaintiff alleges that Defendant Bruno made no mention of his assault. (*Id.*)

On January 30, 2023, Plaintiff was released under pretrial release. (*Id.* at 6.) Plaintiff alleges he did not agree to the terms of release and Defendant Judge Rodriguez told him he would keep him in jail if he did not agree. (*Id.*) Plaintiff claims that on February 21, 2023, he "waived"

4

Defendant Bruno as his counsel on the record. (*Id.*) Plaintiff also claims that he asked Defendant Bruno to file a motion to dismiss that was never filed. (*Id.*)

Plaintiff submits on March 13, 2023, Defendant Bruno represented Plaintiff against his wishes. (*Id.*) Defendant Judge Rodriguez denied Plaintiff's "motion on false pretenses claiming [he] ha[s] to file a motion to be pro se." (*Id.*) Defendant Assistant Prosecutor James Brady supported the false pretense. (*Id.*)

Plaintiff seeks monetary compensation in the amount of "$51,000,000.00 with 21% interest on $9,000,000.00." (*Id.* at 7.)

Defendants filed their Motions to Dismiss and Motion for Judgment on the Pleadings in May, June, and July 2023. (ECF Nos. 12, 23, 28, 29, and 38.)

## II.  LEGAL STANDARD

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) or a motion for judgment on the pleadings brought pursuant to Fed. R. Civ. P. 12(c)[5], a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." *Phillips v. County of Alleghany*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations. *Bell Atlantic v. Twombley*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal

---

[5] When a motion for judgment on the pleadings raises claims asserting a failure to state a claim or which otherwise mirror those available in a motion to dismiss, such a motion is subject to the same standards as a motion to dismiss filed pursuant to Rule 12(b)(6). *See, e.g.*, *Revell v. Port Authority of New York, New Jersey*, 598 F.3d 128, 134 (3d Cir. 2010).

5

conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculation level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 560 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a "probability requirement.'" *Id.* (citing *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than 'an unadorned, the defendant-harmed-me accusation'" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]-'that the pleader is entitled to relief.'" *Id.* at 679. (quoting Fed. R. Civ. P. 8(a)(2)). The pleadings of *pro se* plaintiffs are liberally construed. *Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, "*pro se* litigants still must alleged sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### III. DECISION

#### A. Judicial Immunity

Defendants Montclair Municipal Court Judge Joseph Angelo (ECF No. 12), Clifton Municipal Court Judge Thomas F. Brunt (ECF No. 23), and New Jersey Superior Court Judge Candido Rodriguez, Jr. (ECF No. 28) move for dismissal of Plaintiff's Complaint against them.

Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (per curiam); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)). Additionally, both judges of general and limited jurisdiction, including municipal court judges, are entitled to judicial immunity. *See id.* at 441 (concluding that municipal court judges, even though they preside over courts of limited jurisdiction, are entitled to protections of judicial immunity).

There are two circumstances where a judge's immunity from civil liability may be overcome. The exceptions to the judicial immunity doctrine are narrow in scope and infrequently applied. The first exception is where a judge engages in nonjudicial acts, i.e., actions not taken in the judge's judicial capacity. *Mireless v. Waco*, 502 U.S. 9, 11 (1991); *see Figueroa*, 208 F.3d at 440. The second exception involves actions that, though judicial in nature, are taken in the complete absence of jurisdiction. *Mireless*, 502 U.S. at 11; *Figueroa*, 208 F.3d at 440.

Neither exception is applicable here. The only allegations Plaintiff makes against Judges Angelo and Brunt is that they set the terms of Petitioner's bail following motor vehicle violations. (*See* ECF No. 1 at 6.) Additionally, Plaintiff alleges that on January 9, 2023, Judge Rodriguez, Jr. "revoked [Plaintiff's] release." (*Id.*) Plaintiff alleges that subsequently, on January 30, 2023, Judge Rodriguez, Jr. released Plaintiff under pretrial condition after telling Plaintiff if he did not agree to the conditions, Plaintiff would remain incarcerated. (*Id.*) Finally, Plaintiff alleges that Judge, Rodriguez, Jr. denied Plaintiff's motion to dismiss in March 2023. (*Id.*) Plaintiff's allegations against Judges Angelo, Brunt, and Rodriguez, Jr. are allegations arising from judicial determinations that were made in the course of Plaintiff's court proceedings. Therefore, Judges Angelo, Brunt, and Rodriguez, Jr. are entitled to immunity and Plaintiff's claims against them will be dismissed for failure to state a claim. *See Kinnard v. George*, 652 F. App'x 96, 98 (3d Cir. 2016) (finding § 1983 action by a pro se plaintiff against two state court judges was properly dismissed where plaintiff complained of "judicial actions that [the] Judges . . . took in the course of an official criminal proceeding" because the judges were "protected by absolute judicial immunity") Therefore, Defendant Judge Joseph Angelo, Defendant Judge Thomas F. Brunt, and Defendant Judge Candido Rodriguez's, Jr. motions to dismiss are granted as to Plaintiff's claims against them. (ECF Nos. 12, 23, and 28, respectively.)

### B. Prosecutorial Immunity

Defendants Assistant Prosecutor James Brady and Assistant Prosecutor Sarah Turk move for dismissal of Plaintiff's claims against them in their individual capacity, arguing that they are entitled to prosecutorial immunity. (*See* ECF No. 28.)

Prosecutors are immune from suit in federal civil rights matters for actions taken in connection with their role in initiating and pursuing criminal prosecutions. *See Imbler v.*

*Pachtman*, 424 U.S. 409, 410 (1976); *see also LeBlanc v. Stedman*, 483 F. App'x 666, 669 (3d Cir. 2012). As the Supreme Court explained in *Buckley v. Fitzsimmons*, "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his [or her] role as an advocate for the State, are entitled to the protection of absolute immunity." 509 U.S. 259, 273 (1993). Such acts include "activity taken while in court, such as the presentation of evidence or legal argument, as well as selected out-of-court behavior intimately associated with the judicial phases" of litigation. *Kulwicki v. Dawson*, 969 F.2d 1454, 1463 (3d Cir. 1992). Moreover, courts apply a functional analysis to determine whether a prosecutor's conduct has occurred within his or her function as an advocate. *See Yarris v. County of Delaware*, 465 F.3d 129, 135 (3d Cir. 2006); *Giuffre v. Bissell*, 31 F.3d 1241, 1251 (3d Cir. 1994). While the Third Circuit has rejected "bright line rules" to determine whether a prosecutor was acting as an advocate, certain conduct, including presenting evidence in court and engaging in plea bargaining, have typically been found to be part of the prosecutor's role as an advocate and is thus afforded absolute prosecutorial immunity. *See Odd v. Malone*, 538 F.3d 202, 210 (3d Cir. 2008). To prevail at the motion to dismiss stage, the prosecutor must demonstrate that "the conduct triggering absolute immunity 'clearly appear[s] on the face of the complaint." *Weimer v. Cnty. of Fayette*, 972 F.3d 177, 187 (3d Cir. 2020) (quoting *Fogle v. Sokol*, 957 F.3d 148, 159 (3d Cir. 2020)).

Here, the only allegation in the Complaint against Defendant Brady claims that Defendant Judge Rodriguez, Jr. denied Plaintiff's motion to dismiss explaining that Plaintiff first needed to file a motion to proceed pro se, and Defendant Brady "supported the[se] false pretenses which . . . is not the law." (ECF No. 1 at 6.) Regarding Defendant Turks, Plaintiff alleges only that on January 9, 2023, "[Defendant] Turk for the prosecution office and Judge Candido Rodriguez, Jr. revoked my bail." (*Id.* at 5.) The allegations in the Complaint claim only that Defendants Brady and Turk

9

appeared in court during Plaintiff's proceedings. Plaintiff alleges no facts within the Complaint that Defendant Brady and Turk acted in a non-prosecutorial capacity. Accordingly, Plaintiff's allegations as to Defendants Brady and Turk relate to their role as a prosecutor and they are entitled to the protections of prosecutorial immunity. Defendants Brady and Turk's motion to dismiss (ECF No. 28) is granted and Plaintiff claims against these Defendants are dismissed without prejudice.

### C. Entity Defendants

Moving Defendants Montclair Municipal Court and Montclair Police Department (ECF No. 12), Clifton Police Department and Clifton Municipal Court (ECF No. 23), New Jersey Superior Court, Union Vicinage (ECF No. 28), Elizabeth Police Department (ECF No. 29), and New Milford Police Department (ECF No. 38) move for dismissal of Plaintiff's Complaint against them in their official capacities because they are not "persons" subject to § 1983 liability.

These Defendants are not considered "persons" under 42 U.S.C. § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). In New Jersey, a municipal police department is not an entity separate from the municipality, N.J. Stat. Ann. § 40A:14–118 (municipal police department is "an executive and enforcement function of municipal government"); therefore, the Montclair Police Department, Clifton Police Department, Elizabeth Police Department, and New Milford Police Department are not proper defendants in this action, and Plaintiff's claims against them must be dismissed. *See McGovern v. Jersey City*, No. 98–5186, 2006 WL 42236 at *7 n.4 (D.N.J. Jan. 6, 2006) (police departments cannot be sued in conjunction with municipalities because police departments are administrative arms of local municipalities, not separate entities), *Padilla v. Twp. of Cherry Hill*, 110 F. App'x 272, 278 (3d Cir.2004) (same), *DeBellis v. Kulp*, 166 F. Supp. 2d 255, 264 (E.D. Pa. 2001) (same).

Similarly, Plaintiff's § 1983 claims against Defendants Montclair Municipal Court, Clifton Municipal Court, and New Jersey Superior Court, Union Vicinage are also barred because the court is not a "person" under § 1983. *Will*, 491 U.S. at 64; *Briggs v. Moore*, 251 F. App'x 77, 79 (3d Cir. 2007) (finding that the New Jersey Superior Court is not a "person" for § 1983 purposes (citing *Will*, 491 U.S. at 70–71)).

Therefore, Defendants Montclair Municipal Court and Montclair Police Department (ECF No. 12), Clifton Police Department and Clifton Municipal Court (ECF No. 23), New Jersey Superior Court, Union Vicinage (ECF No. 28), and Elizabeth Police Department's (ECF No. 29) motions to dismiss, and New Milford Police Department's (ECF No. 38) motion for judgment on the pleadings are granted as to these Defendants. Plaintiff's Complaint against these Defendants is dismissed with prejudice.

### D. Failure to Comply with Rule 8

Defendants Police Lieutenant Anthony Gural (ECF Nos. 29), and Defendants New Milford Police Officer Tyler Iozia and New Milford Police Sergeant Bryan Mone (ECF No. 38) move for dismissal of Plaintiff's Complaint against them arguing Plaintiff fails to state a claim upon which relief may be granted.

A complaint must satisfy Federal Rule of Civil Procedure 8, which states that a complaint must contain:

> (a) A pleading that states a claim for relief must contain[:] (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). "Thus, a *pro se* plaintiff's well-pleaded complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of

mere speculation, set forth in a 'short and plain' statement of a cause of action." *Johnson v. Koehler*, No. 18-00807, 2019 WL 1231679, at *3 (M.D. Pa. Mar. 15, 2019). Stated differently, Rule 8 requires a showing that the plaintiff is entitled to relief in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).

Plaintiff alleges that Defendant Gural "stopped [Plaintiff's] automobile . . . [and Plaintiff] left the scene after [Defendant] Gural attempted to forcefully open [his] door and kidnap [his] person." (ECF No. 1 at 6.) The only allegation in Plaintiff's Complaint against Defendants Iozia and Mone is that "defendants Tyler Iozia and Bryan Mone stopped [Plaintiff's] automobile on New Bridge Road, New Milford, NJ . . . intimidated [him] on the interstate, kidnapping [him] and holding [him] hostage in [BCCF]." (*Id.*) Even liberally construing the Complaint, the Court is unable to discern with sufficient clarity what claims Plaintiff is attempting to make. If Plaintiff is alleging a § 1983 civil rights false arrest/false imprisonment claim against Defendants Gural, Iozia, and Mone, Plaintiff's bare allegations that these Defendants attempted to or did kidnap him are insufficient to state a claim upon which relief can be granted.[6] Moreover, the Complaint fails to provide fair notice of the ground on which Plaintiff intends to rest his claims. As a result, the Complaint in its current form "would not provide any meaningful opportunity for the Defendants to decipher or answer the vague allegations levied against them." *Koehler*, 2019 WL 1231679, at

---

[6] The Complaint indicates that Plaintiff is bringing claims under the federal criminal statute for kidnapping, 18 U.S.C.A. § 1201. However, Plaintiff cannot bring claims pursuant to this statute because it does not create a private cause of action. *Gross v. Cormack*, No. 13-4152, 2013 WL 6624051, at *2 (D.N.J. Dec. 16, 2013) (concluding that claims predicated on four federal criminal statutes where "none of [the statutes] contain language that explicitly confers a private cause of action" did not satisfy pleading standards).

*3; *see Twombly*, 550 U.S. at 555. Accordingly, Plaintiff's Complaint as to these Defendants is dismissed without prejudice.

### E. Personal Involvement

Defendants Montclair Police Officer Ramirez (ECF No. 12), Wendy Gonzalez (ECF No. 28), Police Sergeant Joseph Wassel, Police Officer Brian Velez, and Police Officer Victor Valdez (ECF No. 29) move for dismissal of Plaintiff's Complaint against them, arguing that Plaintiff fails to plead any factual allegations against them.

For liability under § 1983 to attach, a defendant must have personal involvement in a constitutional violation. *See Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). While Plaintiff names Defendants Ramirez, Wassel, Velez, and Valdez as defendants in his Complaint, the Complaint is devoid of any factual allegations against these Defendants. Plaintiff has failed to allege personal involvement by Defendants Ramirez, Wassel, Velez, and Valdez. Therefore, Defendants Ramirez (ECF No. 12), Gonzalez (ECF No. 28), and Wassel, Velez, and Valdez's (ECF No. 29) motions to dismiss are granted, and any claim against these Defendants are dismissed without prejudice as a matter of law for lack of personal involvement. *See Iqbal*, 556 U.S. at 676.

### IV. CONCLUSION

For the reasons expressed above, Defendants Montclair Municipal Court Judge Joseph Angelo, Clifton Municipal Court Judge Thomas F. Brunt, and New Jersey Superior Court Judge Candido Rodriguez, Jr.'s motions to dismiss are granted. (ECF Nos. 12, 23, 28, respectively.) Accordingly, Plaintiff's claims against Defendant Judges Angelo, Brunt, and Rodriguez, Jr. are dismissed with prejudice.

Defendants Montclair Municipal Court and Montclair Police Department (ECF No. 12), Clifton Police Department and Clifton Municipal Court (ECF No. 23), New Jersey Superior Court, Union Vicinage (ECF No. 28), and Elizabeth Police Department's (ECF No. 29) motions to dismiss, and New Milford Police Department's (ECF No. 38) motion for judgment on the pleadings are granted as to these Defendants. Plaintiff's Complaint against these Defendants in their official capacity is dismissed with prejudice.

Defendants Assistant Prosecutors Brady and Turk's motion to dismiss (ECF No. 28) is granted and Plaintiff's claims against these Defendants are dismissed without prejudice.

Defendant Police Lieutenant Anthony Gural's motion to dismiss (ECF No. 29), and Defendants New Milford Police Officer Tyler Iozia and New Milford Police Sergeant Bryan Mone's motion for judgment on the pleadings (ECF No. 38) are granted. Plaintiff's claims against Defendants Gural, Iozia, and Mone are dismissed without prejudice. Finally, Defendants Montclair Police Officer Ramirez (ECF No. 12), Wendy Gonzalez (ECF No. 28), Police Sergeant Joseph Wassel, Police Officer Brian Velez, and Police Officer Victor Valdez's (ECF No. 29) motions to dismiss are granted and Plaintiff's claims against these Defendants are dismissed without prejudice.

An appropriate order follows.

Dated: September 28, 2023

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**