UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WAYNE S. FOSTER<br><br>    Plaintiff,<br><br>v.<br><br>ESSEX COUNTY CORRECTIONAL FACILITY, et al.,<br>    Defendants. | Civil Action No. 23-1613 (BRM) (MAH) |
| WAYNE S. FOSTER<br><br>    Plaintiff,<br><br>v.<br><br>ESSEX COUNTY CORRECTIONAL FACILITY, et al.,<br>    Defendants. | Civil Action No. 23-1614 (BRM) (MAH)<br>(Consolidated with Civ. No. 23-1613)<br><br>REPORT AND RECOMMENDATION |

**HAMMER, United States Magistrate Judge**

  This matter comes before the Court by way of Plaintiff's failure to respond to the Order to Show Cause dated December 19, 2023 [D.E. 64 in Civil Action No. 23-1613; D.E. 25 in Civil Action No. 23-1614].[1] Pursuant to Federal Rule of Civil Procedure 78, the Undersigned has considered this matter on the papers. For the reasons below, the Undersigned respectfully recommends that the District Court dismiss the Complaints with prejudice.

**I. BACKGROUND**

  Plaintiff filed the Complaints in these actions on March 21, 2023 against approximately 25 individual and entity Defendants. *See generally*, Compl., D.E. 1. Among these Defendants

---

[1]  For ease of reference, the cites herein will be to the lead case, Civil Action No. 21-1613.

are various municipal and state police, judicial entities, correctional facilities, and related individuals.  *Id.*  As best as this Court can discern, Plaintiff asserts violations of his civil rights during interactions with Defendants over the last few years.  *Id.* Between May and July 2023, four separate motions to dismiss, as well as a motion for judgment on the pleadings, were filed. D.E.s 12, 23, 28, 29, 38.  Plaintiff filed an opposition to the motions.  D.E. 50.  On September 28, 2023, the Court granted Defendants' motions and dismissed Plaintiff's claims, some with prejudice and some without prejudice.  *See* Opinion and Order, D.E.s 55, 56.  On October 6, 2023, Defendant Antonia Bruno filed a motion to dismiss.  D.E. 57.  On October 11, 2023, the Undersigned set a scheduling conference, pursuant to Federal Rule of Civil Procedure 16, for November 13, 2023 and directed the parties to file a discovery plan not later than November 7, 2023.  D.E. 58.  Defendant Bruno filed a letter application to stay discovery pending adjudication of her motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  D.E. 60.  Plaintiff neither filed a proposed discovery plan nor appeared for the November 13, 2023 scheduling conference.  *See* Order, D.E. 62.  Plaintiff also did not oppose the stay application.

At the conclusion of the November 13, 2023 scheduling conference, this Court entered an Order directing Plaintiff to file any Amended Complaint by December 11, 2023, as to those Defendants whom the District Court's September 28, 2023 Opinion and Order dismissed without prejudice, specifically Assistant Prosecutor Brady, Assistant Prosecutor Turk, Anthony Gural, Tyler Iozia, Bryan Mone, Officer Ramirez, Wendy Gonzalez, Joseph Wassel, Brian Velez, and Victor Valdez.  Order, D.E. 62.  The Order warned Plaintiff that failure to file an Amended Complaint by December 11, 2023 would result in Plaintiff being deemed to have waived the

2

right to do so. *Id.* The Order also stayed discovery as to Defendant Bruno pending adjudication of her motion to dismiss. *Id.* This Court also directed Plaintiff to file a letter not later than November 27, 2023, explaining his failure to appear for the November 13, 2023 conference and indicating whether he intends to continue litigating these actions. *Id.* Plaintiff was also advised that failure to respond might result in the issuance of an Order to Show Cause directing Plaintiff to show cause in writing why these matters should not be dismissed for failure to comply with Court Orders and to prosecute this action, pursuant to Federal Rules of Civil Procedure 16(f) and 41. *Id.* Plaintiff failed to respond. Accordingly, on December 19, 2023, this Court issued an Order to Show Cause why these actions should not be dismissed for Plaintiff's failure to prosecute these actions in accordance with Federal Rule of Civil Procedure 41. Order to Show Cause, D.E. 64. Again, Plaintiff failed to respond.

Counsel for Essex County Correctional Facility, Lina D. O'Keefe, Esq., transmitted copies of both the November 13, 2023 Order and the Order to Show Cause to Plaintiff and filed proof of service on the docket on November 13, 2023 and December 19, 2023, respectively. Certifications of Service, D.E.s 63, 65.

## II. DISCUSSION

### A. Standards for Dismissal under Federal Rule of Civil Procedure 41(b)

Dismissal of a complaint may be appropriate under Federal Rule of Civil Procedure 41(b) "if the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (holding Rule 41(b) does not "abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"). In

*Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), the United States Court of Appeals for the Third Circuit set forth six factors to be considered prior to dismissing a complaint pursuant to Rule 41(b): (1) the extent of the party's personal responsibility, (2) prejudice to the adversary, (3) history of dilatoriness, (4) willful or bad faith conduct of an attorney, (5) alternative sanctions, and (6) meritoriousness of the claims or defenses. *Id.* at 868. No single factor is dispositive, and dismissal may be appropriate even if some of the factors are not met. *See Hildebrand v. Allegheny Cty.*, 923 F.3d 128, 132 (3d Cir. 2019).

The Third Circuit has further held that "[w]hen a litigant's conduct makes adjudication of the case impossible . . . such balancing under *Poulis* is unnecessary." *Jones v. N.J. Bar Ass'n*, 242 F. App'x 793, 794 (3d Cir. 2007). In this case, Plaintiff's failure to comply with court orders or to communicate to the Court his intention to proceed against Defendants since November 2023 has essentially brought this matter to a standstill. Out of an abundance of caution, the Undersigned nonetheless considers the *Poulis* factors.

### i. The Extent of the Party's Personal Responsibility

In the instant case, Plaintiff's failure to comply with court orders appears to be solely his own doing. The record reflects that Plaintiff has failed to take the basic action necessary to litigate this matter such as filing an Amended Complaint, opposing Defendant Bruno's motions to dismiss and to stay, participating in at least one Court conference, and responding to Court Orders, such as this Court's Order to Show Cause issued on December 19, 2023. Nor has Plaintiff contacted the Court to explain his failure to comply or to seek more time to do so. As a result, this case has been brought to a virtual standstill with no indication that Plaintiff intends to prosecute his claims. Accordingly, the Undersigned can conclude only that Plaintiff does not

4

intend to further litigate these matters and has willfully chosen to abandon these suits. Accordingly, the first *Poulis* factor weighs in favor of dismissal.

### ii. Prejudice to the Adversary

The Court must next consider whether Plaintiff's failure to prosecute this litigation has prejudiced Defendants. Prejudice is not limited to irreparable harm, but may include depriving a party of necessary information or the ability to prepare for trial. *Clarke v Nicholson*, 153 Fed. Appx. 69, 73 (3d Cir. 2005) (citing *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222-24 (3d Cir. 2003) (finding that plaintiff's delay and failure to comply with discovery requests prejudiced defendant); *Porten v. Auto Zone*, No. 10-2629, 2011 WL 2038742, at *2 (D.N.J. May 24, 2011) (relying on *Clarke* and *Ware* to find prejudice to defendant and grant dismissal motion where plaintiff apparently abandoned claims). Here, Plaintiff's effective abandonment of these cases leaves Defendants with no means to defend themselves against Plaintiff's claims. These cases are nearly a year old, and have been brought to a virtual standstill due to Plaintiff's failure to participate in this matter. Accordingly, this *Poulis* factor favors dismissal of Plaintiff's claims.

### iii. History of Dilatoriness and Bad Faith

The third and fourth *Poulis* factors require the Court to consider the extent and history of Plaintiff's dilatoriness and whether they have acted in bad faith. The Third Circuit has emphasized:

> Time limits imposed by the rules and the court serve an important purpose for the expeditious processing of litigation. If compliance is not feasible, a timely request for an extension should be made to the court. A history . . . of ignoring these time limits is intolerable.

*Poulis*, 747 F.2d at 868.

It is true that Plaintiff initially litigated this matter with a modicum of diligence,

5

including appearing at conferences, opposing motions to dismiss and a motion for judgment on the pleadings, and filing a letter requesting the Clerk of Court to fix what he perceived as a clerical error on the docket. However, since at least November 2023, Plaintiff has, by all appearances, abandoned these matters. Since that time, Plaintiff has failed to file an opposition to an additional motion to dismiss, file an Amended Complaint despite being afforded additional time to do so, failed to file an opposition to a request to stay discovery, appear for the scheduling conference, or respond to the December 19, 2023 Order to Show Cause. The record before the Court establishes that for several months, Plaintiff has made no effort to comply with his obligations in prosecuting these claims or to explain to the Court and counsel his inability to do so. Therefore, the Court must conclude on the record before it, that Plaintiff's failure to comply with its Orders was willful and that he has chosen not to pursue his claims. Accordingly, these factors weigh in favor of dismissal of Plaintiff's claims.

### iv. Alternative Sanctions

This factor also favors dismissal, for several reasons. First, Plaintiff's failure to comply with the Court's Orders, or explain his inability to do so, or to contact the Court to seek additional time to file an opposition to Defendant Bruno's motion to dismiss, to file an Amended Complaint, or to file opposition to Defendant Bruno's request to stay, or to respond to the Court's Order to Show Cause, strongly suggests that Plaintiff has abandoned his claims. *Porten*, 2011 WL 2038742, at *3. Second, in this case, there is no plausible reason to believe that sanctions such as fines, costs, and attorneys' fees would spur Plaintiff to resume actively litigating these cases.

6

### v. Meritoriousness of the Claim or Defense

Finally, the Court must consider the merits of Plaintiff's claims and Defendants' defenses. Here, however, Plaintiff's failure to respond to this Court's Orders, file an Amended Complaint, or otherwise communicate with the Court or Defense Counsel for months, renders any such analysis impossible. Therefore, this fact is at best neutral, in that the Court is not in a position to assess the merits of Plaintiff's claims.

## III. CONCLUSION

On balance, the pertinent *Poulis* factors weigh in favor of dismissal of Plaintiff's Complaints with prejudice. Accordingly, the Undersigned respectfully recommends that the District Court dismiss Plaintiff's Complaints with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). The parties have fourteen days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c)(2).

s/ Michael A. Hammer
**UNITED STATES MAGISTRATE JUDGE**

Date: January 23, 2024